## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| Teri Lynn Hinkle<br>　　Plaintiff<br><br>vs<br><br>NORTHLAND GROUP INC<br>Valerie Bartosh<br>JEFFREY A. OLSON, PLLC<br>CAPITAL ONE BANK (USA) N.A.<br>CAPITAL ONE SERVICES, LLC<br>LVNV FUNDING, LLC | Case No **CV311 084**<br><br>Judge _____<br><br>Trial by Jury Demanded |

## ORIGINAL COMPLAINT FOR VIOLATIONS OF THE FCRA AND FDCPA

### JURISDICTION

1. This court has jurisdiction under 15 U.S.C. §1681p, 15 U.S.C. § 1692k(d), 28 U.S.C. §1331 and 28 U.S.C. § 1337.

2. All conditions precedent to the bringing of this action have been performed.

### PARTIES

3. The Plaintiff in this lawsuit is Teri Lynn Hinkle, a natural person, who resides in Dodge County, Georgia.

4. The Defendants in this lawsuit are NORTHLAND GROUP INC. an unknown entity with offices at 7831 Glenroy Rd., Ste. 145, Edina, MN 55439, Valerie Bartosh, its Compliance Coordinator at 7831 Glenroy Rd., Ste. 250, Edina, MN 55439, JEFFREY A. OLSON, PLLC , attorney representing NORTHLAND GROUP INC., at 7831 Glenroy Rd., Ste. 185, Edina, MN 55439, CAPITAL ONE BANK (USA) N.A. with a mailing address of 1680 Capital One Drive, McLean, VA 22102, CAPITAL ONE SERVICES, LLC with a mailing address of 32275 32nd Ave. South Federal Way, WA 98001 and LVNV FUNDING

LLC, with a mailing address of 15 South Main Street, #600, Greenville, South Carolina, 29601.

## VENUE

5. The occurrences which give rise to this action occurred in Dodge County, Georgia and Plaintiff resides in Dodge County, Georgia.

6. Venue is proper in the Southern District of Georgia.

## GENERAL ALLEGATIONS

7. Plaintiff pulled her consumer credit reports from the three major credit reporting agencies and found entries by entities that she was unfamiliar with in the reports.

8. Plaintiff determined that her consumer credit report had been pulled on various occasions by various entities she did not recognize and without her consent.

9. Plaintiff found after examination of her TransUnion consumer credit report that Defendant NORTHLAND GROUP INC. had pulled Plaintiff's TransUnion consumer credit report in May of 2010.

10. Discovery of violation brought forth herein occurred in May of 2011 and are within the statute of limitations as defined in FCRA, 15 U.S.C. § 1681p.

## Count I

### VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681 WILLFUL NON-COMPLIANCE BY DEFENDANT NORTHLAND GROUP INC.

11. Paragraphs 1 through 10 are re-alleged as though fully set forth herein.

12. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

13. TransUnion, Experian and Equifax are credit reporting agencies within the meaning of the FCRA, 15 U.S.C. §1681a(f).

14. Consumer credit report is a consumer report within the meaning of the FCRA, 15 U.S.C. § 1681a(d).

15. The FCRA, 15 U.S.C. § 1681b defines the permissible purposes for which a person may obtain a consumer credit report.

16. Such permissible purposes as defined by 15 U.S.C. § 1681b are generally, if the consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the inquiry.

17. Plaintiff has never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from the Defendant NORTHLAND GROUP INC.

18. At no time did Plaintiff give her consent for Defendant NORTHLAND GROUP INC., to acquire her consumer credit report from any credit reporting agency.

19. FCRA in 15 U.S.C. §1681a(r)(4) states:  The terms "account" and "electronic fund transfer" have the same meanings as in section 1693a of this title.

    (2) the term "account" means a demand deposit, savings deposit, or other asset account <u>(other than an occasional or incidental credit balance in an open end credit plan as defined in section 103(i) of this Act),</u> as described in regulations of the Board, established primarily for personal, family, or household purposes, but such term does not include an account held by a financial institution pursuant to a bona fide trust agreement;

20. <u>The definition of "account" clearly does not include an account such as a credit card open end credit account</u> but does include a demand deposit account, savings deposit or other asset account which is wholly different. The Defendant was attempting to collect

on an alleged account with CAPITAL ONE where Plaintiff never had any such account so there was obviously no permissible purpose for the credit pull.

21. In August and in November of 2009 Defendant NORTHLAND GROUP INC. obtained the TransUnion consumer credit report for the Plaintiff with no permissible purpose in violation of FCRA, 15 U.S.C. § 1681b.

22. The action of Defendant NORTHLAND GROUP INC. obtaining the consumer credit report of the Plaintiff with no permissible purpose or Plaintiff's consent was a violation of FCRA, 15 U.S.C. § 1681b and an egregious violation of Plaintiff's right to privacy.

WHEREFORE, Plaintiff demands judgment for damages against Defendant, NORTHLAND GROUP INC. for statutory damages of $2000.00, punitive damages to be determined by this honorable court, attorney's fees, and costs pursuant to 15 U.S.C. § 1681n.

## Count II

### VIOLATION OF THE FAIR DEBT COLLECTION PARACTICES ACT (FDCPA), 15 U.S.C. §1692 WILLFUL NON-COMPLIANCE BY DEFENDANTS NORTHLAND GROUP INC., VALERIE BARTOSH, JEFFREY A. OLSON, CAPITAL ONE BANK (USA) N.A., CAPITAL ONE SERVICES, LLC and LVNV FUNDING, LLC.

23. Plaintiff repeats and re-alleges items 1 through 18 above.

24. On June 21, 2011, Defendant Valerie Bartosh sent by certified mail a letter to the Plaintiff wherein the following statements were made:

> ..."Northland Group has not reported the above accounts to a credit reporting agency. To resolve this matter, we have requested our inquiries be removed from your credit bureau report. Please allow at least 30 days for the inquiries to be removed."..."The above referenced accounts have been closed in our office. For further information regarding the accounts, please contact Capital One Bank (USA) N.A. and LVNV Funding

LLC."..."This is an attempt to collect a debt by a debt collector and any information obtained will be used for that purpose. This communication is sent to you by Northland Group, Inc., a debt collector and a member of ACA International."...

Defendant, Valerie Bartosh has stated first the accounts have been closed then second she states the letter is an attempt to collect a debt. Defendant further stated in her letter the two alleged accounts for which NORTHLAND GROUP INC. pulled the credit report were held by Defendant CAPITAL ONE BANK (USA) N.A. and Defendant LVNV FUNDING LLC. Both alleged accounts being claimed are beyond ' the Georgia Statute of Limitations, OCGA 9-3-25 on collections for stated type of account. These are blatant violations of the FDCPA, 15 U.S.C. §1692 e,(2),(F)

25. On June 29, 2011 after receiving a letter and a copy of an impending suit to be brought by the Plaintiff against NORTHLAND GROUP INC., Defendant JEFFREY A. OLSON, PLLC (heretofore referred to as Defendant in this section), contacted the Plaintiff, by telephone to introduce himself as the attorney representing NORTHLAND GROUP INC. Defendant stated he would send Plaintiff an email formally introducing him. His email was received by Plaintiff at 5:53 pm EST. the same day. In the body of the email received after the telephone conversation the following statement was made: ..."As I understand it, you admit obtaining credit from Capital One Bank (USA) N.A...." Plaintiff had made no such admission, in fact the alleged account had not been discussed over the phone. Defendant failed to state that he was attempting to collect a debt and therefore violated the FDCPA, 15 U.S.C. §1692e(11). Plaintiff answered the Defendants email and demanded a validation of the alleged debt. A letter of demand was also sent by U.S. Certified Mail. Defendant responded by mailing a packet containing what appear to be account statements with no contract or signatures, for an

account past the Georgia Statute of Limitations, OCGA 9-3-25 , on collections which did not constitute validation and again did not state he was attempting to collect a debt thus violating the FDCPA, 15 U.S.C. §1692e(2), e(11), g(B).

26. Plaintiff discovered in May of 2011 Defendant LVNV FUNDING, LLC had reported the same alleged debt on all three of Plaintiff's credit reports. The balance claimed was not consistent on each report. The alleged account claimed is past the Georgia Statute of Limitations, OCGA 9-3-25 , for collections on said type of account. The alleged account has been disputed with the Credit Reporting Agencies. Both actions stated here constitute violation of FDCPA, 15 U.S.C. §1692e, e(2), (10), (F).

27. After Plaintiff contacted Defendant NORTHLAND GROUP INC. in regard to the above stated FCRA violation she received a letter from Defendant CAPITAL ONE SERVICES, LLC thanking her for contacting them regarding the debt also claimed by NORTHLAND GROUP INC. and asking she contact them in regard to an alleged request she had not made to them. Plaintiff answered the letter with a letter of demand for validation of the alleged debt. Defendant CAPITAL ONE SERVICES, LLC answered Plaintiff's demand by letter stating they were unable to process her request without her personal information which if she indeed had an account with CAPITAL ONE SERVICES, LLC, they would already have. The alleged debt is past the Georgia Statute of Limitations on collections, OCGA 9-3-25 , for accounts of this type and is a violation of the FDCPA, 15 U.S.C. §1692e, e(10)

28. THE FDCPA BROADLY PROHIBITS UNFAIR OR UNCONSCIONABLE COLLECTION METHODS, CONDUCT WHICH HARASSES, OPPRESSES OR ABUSES ANY DEBTOR, AND ANY FALSE, DECEPTIVE OR MISLEADING

STATEMENTS, IN CONNECTION WITH THE COLLECTION OF A DEBT.

The Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute which prohibits a catalog of activities in connection with the collection of debts by third parties. *See* 15 U.S.C. §1692 et seq. The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. §1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, both generally and in a specific list of disapproved practices, and prohibit harassing and abusive tactics, both generally and in a specific list of disapproved practices.

**WHEREFORE**, Plaintiff demands judgment <u>against each and every Defendant</u> for statutory damages of $1000.00 pursuant to 15 U.S.C. § 1692e(2,)(10),(11),(A),(F),g(B), actual damages of $5,000 for emotional distress and suffering as well as attorney's fees, and costs.

## DEMAND FOR TRIAL BY JURY

**Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.**

Dated: Sept. 6, 2011

Respectfully Submitted,

*/s/ Teri Lynn Hinkle*
Teri Lynn Hinkle
322 Bethel Street
Eastman, Georgia 31023
478-374-4132

Service to:

**NORTHLAND GROUP**
7831 Glenroy Rd. Ste. 145
Edina, MN
55439

**Valerie Bartosh**

7831 Glenroy Rd. Ste. 250
Edina, MN
55439

JEFFREY A. OLSON, PLLC
7831 Glenroy Rd. Ste. 185
Edina, MN
55439

CAPITAL ONE BANK (USA) N.A.
1680 Capital One Drive
McLean, VA
22102

CAPITAL ONE SERVICES, LLC
32275 32nd Ave. South
Federal Way, WA
98001

LVNV FUNDING, LLC.
15 South Main Street, #600
Greenville, South Carolina
29601