# ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

IN THE UNITED STATES DISTRICT COURT

2011 NOV 22  PM 1: 52

FOR THE SOUTHERN DISTRICT OF GEORGIA

CLERK _CAdam_
SO. DIST. OF GA.

DUBLIN DIVISION

| | | |
|---|---|---|
| TERI LYNN HINKLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 311-084 |
| | ) | |
| NORTHLAND GROUP INC.; VALERIE | ) | |
| BARTOSH; JEFFREY A. OLSON, PLLC; | ) | |
| CAPITAL ONE BANK (USA) N.A.; | ) | |
| CAPITAL ONE SERVICES, LLC; LVNV | ) | |
| FUNDING, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

The above-captioned case is presently before the Court on Plaintiff's motion to proceed *in forma pauperis* ("IFP"). (Doc. no. 2.) Having considered the motion, Plaintiff's request for leave to proceed IFP is **GRANTED**. However, if in the future, it appears that Plaintiff's financial situation has improved, the Court may act on its own initiative to require her to pay either the entire filing fee or an appropriately determined partial filing fee.

## I.    SCREENING OF THE COMPLAINT

Plaintiff filed the above-captioned case *pro se*, attempting to assert claims under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.*, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* As Plaintiff's complaint was filed IFP, it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines

v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) & (ii).

Plaintiff names the following Defendants in her complaint: (1) Northland Group Inc.; (2) Valerie Bartosh, a Compliance Coordinator at Northland Group Inc.; (3) Jeffrey A. Olson, PLLC ("Olson"), the legal representative of Northland Group Inc.; (4) Capital One Bank (USA) N.A. ("Capital One Bank"); (5) Capital One Services, LLC; and (6) LVNV Funding, LLC. (Doc. no. 1, pp. 1-2.)

Plaintiff alleges that she viewed a copy of her consumer report from the credit reporting agency TransUnion in May of 2011, and thereby discovered that Defendant Northland Group Inc. had obtained her consumer report in May of 2010. (Id. at 2.) According to Plaintiff, she "has never had any business dealings or any accounts with, made applications for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from the Defendant Northland Group Inc." (Id. at 3.) Plaintiff additionally states that she never consented to Defendant Northland Group Inc. accessing her consumer report. (Id.) Moreover, Plaintiff reports that Defendant Northland Group Inc. informed her that it was attempting to collect on a delinquent account with Defendant Capital One Bank; however, Plaintiff avers she never had any such account. (Id.) Plaintiff maintains that Defendant Northland Group Inc. therefore obtained her consumer report without any permissible purpose. (Id.)

Plaintiff also alleges that on June 21, 2011, Defendant Bartosh, an employee of Defendant Northland Group Inc., sent her a letter that stated the following:

2

> Northland Group has not reported the above accounts to a credit reporting agency. To resolve this matter, we have requested our inquiries be removed from your credit bureau report. Please allow at least 30 days for the inquiries to be removed. . . . The above referenced accounts have been closed in our office. For further information regarding the accounts, please contact Capital One Bank (USA) N.A. and LVNV Funding LLC. . . . This is an attempt to collect a debt by a debt collector and any information obtained will be used for that purpose. This communication is sent to you by Northland Group, Inc., a debt collector and a member of ACA International.

(Id. at 4-5.) Plaintiff alleges that the "alleged accounts" referenced in this communication "are beyond the Georgia Statute of Limitations, OCGA 9-3-25[1] on collections for stated type of account." (Id. at 5.)

Plaintiff states that she sent Defendant Northland Group Inc. a letter accompanied by a copy of a complaint that she intended to file against it. (Id.) Plaintiff avers that, in response to her letter, she received a telephone call from Defendant Olson, who identified himself as the attorney for Defendant Northland Group Inc. and told Plaintiff that he would send her an email formally introducing himself. (Id.) Plaintiff alleges that he sent her an email the same day in which he stated, "As I understand it, you admit obtaining credit from [Defendant Capital One Bank]." (Id.) Plaintiff denies ever making this admission or discussing the "alleged account" with him over the phone. (Id.) Plaintiff asserts that Defendant Olson failed to state that he was attempting to collect a debt during these communications. (Id.)

Plaintiff further alleges that she answered the email by demanding a validation of the

---

[1]O.C.G.A. § 9-3-25 provides, in pertinent part, that "[a]ll actions upon open account, or for the breach of any contract not under the hand of the party sought to be charged, or upon any implied promise or undertaking shall be brought within four years after the right of action accrues."

alleged debt; she reports that she also sent a validation demand letter by mail. (Id.) Plaintiff avers that, in response, Defendant Olson sent her "a packet containing what appear to be account statements with no contract or signatures," without any indication that he was attempting to collect a debt." (Id. at 5-6.)

In addition, Plaintiff alleges that she discovered in May of 2011 that Defendant LVNV Funding, LLC, "reported the same alleged debt on all three of [her] credit reports." (Id. at 6.) Plaintiff claims that the debt reported is not hers, that the balance claimed was not the same on all three reports, and that "the alleged account has been disputed with the Credit Reporting Agencies." (Id.)

Furthermore, Plaintiff alleges that, following her interactions with Defendant Northland Group Inc., she received a letter from Defendant Capital One Services, LLC, "thanking her for contacting them . . . and asking she contact them in regard to an alleged request she had not made to them." (Id. at 6.) Plaintiff states that she then demanded validation of the alleged debt, in response to which Defendant Capital One Services, LLC, informed her that they could not process her request without her personal information. (Id.)

Plaintiff seeks a monetary award against each Defendant consisting of statutory and actual damages, as well as costs and attorney's fees. (Id. at 7.)

Liberally construing Plaintiff's complaint, the Court finds that Plaintiff has arguably stated a viable FCRA claim against Defendant Northland Group Inc. based on her assertion that it improperly obtained her consumer report. See 15 U.S.C. § 1681b(f); Rush v. Macy's New York, Inc., 775 F.2d 1554, 1557 (11th Cir. 1995) ("Under [the FCRA,] civil liability for improper use and dissemination of credit information may be imposed only on a

4

consumer reporting agency or user of reported information who willfully or negligently violates the FCRA." (citing 15 U.S.C.A. §§ 1681n and 1681o)); Milton v. LTD Fin. Servs., CV 210-119, doc. no. 29, p. 5 (S.D. Ga. Jan. 25, 2011) (Wood, C.J.) ("The FCRA imposes civil liability on . . . users of information that obtain credit reports of consumers for purposes not specified in § 1681b."). In addition, Plaintiff has arguably stated an FDCPA claim against Defendants Olson and Northland Group Inc. based on her allegation that Defendant Olson falsely attributed to her an admission of incurring debt and improperly failed to disclose that he was a debt collector attempting to collect a debt in his communications. See 15 U.S.C. §§ 1692e & 1692e(11). Finally, Plaintiff's complaint also arguably states an FDCPA claim against Defendant LVNV Funding, LLC, based her allegation that it supplied false information to credit reporting agencies regarding debt attributed to Plaintiff. See id. § 1692e; Brady v. Credit Recovery Co., 160 F.3d 64 (1st Cir. 1998) (recognizing that debt collectors may be liable under § 1692e for supplying inaccurate information to credit reporting agencies); Maloney v. LVNV Funding LLC, No. 3:06-CV-0452, 2006 U.S. Dist. LEXIS 76454, at *14 (N.D. Tex. Oct. 20, 2006) ("Defendants can be held liable under the FDCPA for reporting inaccurate credit information which was known or should have been known to be false."). Accordingly, process shall issue as to Defendants Northland Group Inc., Olson, and LVNV Funding, LLC.[2]

---

[2]In a simultaneously issued Report and Recommendation, the Court has recommended the dismissal of Plaintiff's FDCPA claims for collection of time-barred debt and for collection following her debt verification request, as well as Defendants Bartosh, Capital One Bank, and Capital One Services, LLC.

## II.   INSTRUCTIONS

**IT IS HEREBY ORDERED** that service of process shall be effected on Defendants Northland Group Inc.; Jeffrey A. Olson, PLLC; and LVNV Funding, LLC.  The United States Marshal shall mail a copy of the complaint (doc. no. 1) and this Order by first-class mail and request that these defendants waive formal service of the summons.  Fed. R. Civ. P. 4(d).  Individual defendants have a duty to avoid unnecessary costs of serving the summons, and if a defendant fails to comply with the request for waiver, the defendant must bear the costs of personal service unless good cause can be shown for failure to return the waiver.  Fed. R. Civ. P. 4(d)(2).  If a defendant returns the waiver in a timely fashion, he or she does not have to answer the complaint until sixty (60) days after the date the Marshal mailed the request for waiver.  Fed. R. Civ. P. 4(d)(3).  However, service must be effected within 120 days of the date of this Order, and the failure to do so may result in the dismissal of any unserved defendant.  Fed. R. Civ. P. 4(m).  Plaintiff is responsible for providing sufficient information for the Marshal to identify and locate the defendants to effect service.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon the defendants, or upon their attorney or attorneys if appearance has been entered by counsel, a copy of every further pleading or other document submitted to the Court.  Except for the complaint, when submitting pleadings to the Clerk of Court, parties shall provide an original and one copy. Loc. R. 5.2.  Plaintiff shall include with the papers to be filed a certificate stating the date a true and correct copy of any document was mailed to the defendants or their counsel.  Fed. R. Civ. P. 5; Loc. R. 5.1.  Every pleading shall contain a caption setting forth the name of the court, the title of the action, and the file number.  Fed. R. Civ. P. 10(a).  Any paper received

by a District Judge or Magistrate Judge that has not been properly filed with the Clerk of Court or that fails to include a caption or certificate of service will be returned.

It is Plaintiff's duty to cooperate fully in any discovery that may be initiated by the defendants. Upon being given at least five (5) days notice of the scheduled deposition date, Plaintiff shall appear and permit her deposition to be taken and shall answer, under oath and solemn affirmation, any question that seeks information relevant to the subject matter of the pending action. Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, including dismissal of this case. The defendants shall ensure that Plaintiff's deposition and any other depositions in the case are taken within the 140-day discovery period allowed by this Court's Local Rules.

While this action is pending, Plaintiff shall immediately inform this Court and opposing counsel of any change of address. Failure to do so will result in dismissal of this case.

Plaintiff must pursue this case; if Plaintiff does not press the case forward, the Court may dismiss it for want of prosecution. Fed. R. Civ. P. 41; Loc. R. 41.1. If Plaintiff wishes to obtain facts and information about the case from the defendants, Plaintiff must initiate discovery. See generally Fed. R. Civ. P. 26 through 37 (containing the rules governing discovery and providing for the basic methods of discovery). Plaintiff should begin discovery promptly and complete it within four (4) months after the filing of the last answer of a defendant named in the complaint screened herein.

Interrogatories are a practical method of discovery for *pro se* litigants. See Fed. R.

7

Civ. P. 33. Interrogatories shall not contain more than twenty-five (25) questions. <u>Id.</u> Plaintiff must have the Court's permission to propound more than one set of interrogatories to a party. Discovery materials should not be filed routinely with the Clerk of the Court; exceptions include when the Court directs filing, when a party needs such materials in connection with a motion or response, and then only to the extent necessary, and when needed for use at trial. If Plaintiff wishes to file a motion to compel pursuant to Fed. R. Civ. P. 37, she should first contact the attorney for the defendants and try to work out the problem; if Plaintiff proceeds with the motion to compel, she should also file a statement certifying that she has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. Loc. R. 26.5.

Plaintiff must maintain a set of records for the case. If papers are lost and new copies are required, these may be obtained from the Clerk of the Court at the standard cost of fifty cents ($.50) per page.

Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve her response to the motion within fourteen (14) days of its service. "Failure to respond shall indicate that there is no opposition to a motion." Loc. R. 7.5. Therefore, if Plaintiff fails to respond to a motion to dismiss, the Court will assume that there is no opposition to a defendant's motion.

A response to a motion for summary judgment must be filed within twenty-one (21) days after service of the motion. Loc. R. 7.5, 56.1. A failure to respond shall indicate that there is no opposition to the motion. Loc. R. 7.5. Furthermore, each material fact set forth in a defendant's statement of material facts will be deemed admitted unless specifically

8

controverted by an opposition statement. Should a defendant file a motion for summary judgment, Plaintiff is advised that she will have the burden of establishing the existence of a genuine issue as to any material fact in this case. That burden cannot be carried by reliance on the conclusory allegations contained within the complaint. Should a defendant's motion for summary judgment be supported by affidavit, Plaintiff must file counter-affidavits if she desires to contest a defendant's statement of the facts. Should Plaintiff fail to file opposing affidavits setting forth specific facts showing that there is a genuine issue for trial, the consequences are these: any factual assertions made in a defendant's affidavits will be accepted as true and summary judgment will be entered against Plaintiff pursuant to Fed. R. Civ. P. 56.

SO ORDERED this 22nd day of November, 2011, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

9