**ORIGINAL**

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

IN THE UNITED STATES DISTRICT COURT

2011 NOV 22  PM 1:52

FOR THE SOUTHERN DISTRICT OF GEORGIA

CLERK C. Adams
SO. DIST. OF GA.

DUBLIN DIVISION

| | | |
|---|---|---|
| TERI LYNN HINKLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 311-084 |
| | ) | |
| NORTHLAND GROUP INC.; VALERIE BARTOSH; JEFFREY A. OLSON, PLLC; CAPITAL ONE BANK (USA) N.A.; CAPITAL ONE SERVICES, LLC; LVNV FUNDING, LLC, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff filed the above-captioned case *pro se*, attempting to assert a claim under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq*. Because she is proceeding *in forma pauperis*, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i) & (ii).

I.   **BACKGROUND**

Plaintiff names the following Defendants in her complaint: (1) Northland Group Inc.; (2) Valerie Bartosh, a Compliance Coordinator at Northland Group Inc.; (3) Jeffrey A. Olson,

PLLC ("Olson"), the legal representative of Northland Group Inc.; (4) Capital One Bank (USA) N.A. ("Capital One Bank"); (5) Capital One Services, LLC; and (6) LVNV Funding, LLC. (Doc. no. 1, pp. 1-2.)

Plaintiff alleges that she viewed a copy of her consumer report from the credit reporting agency TransUnion in May of 2011, and thereby discovered that Defendant Northland Group Inc. had obtained her consumer report in May of 2010. (Id. at 2.) According to Plaintiff, she "has never had any business dealings or any accounts with, made applications for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from the Defendant Northland Group Inc." (Id. at 3.) Plaintiff additionally states that she never consented to Defendant Northland Group Inc. accessing her consumer report. (Id.) Moreover, Plaintiff reports that Defendant Northland Group Inc. informed her that it was attempting to collect on a delinquent account with Defendant Capital One Bank; however, Plaintiff avers she never had any such account. (Id.) Plaintiff maintains that Defendant Northland Group Inc. therefore obtained her consumer report without any permissible purpose. (Id.)

Plaintiff also alleges that on June 21, 2011, Defendant Bartosh, an employee of Defendant Northland Group Inc., sent her a letter that stated the following:

> Northland Group has not reported the above accounts to a credit reporting agency. To resolve this matter, we have requested our inquiries be removed from your credit bureau report. Please allow at least 30 days for the inquiries to be removed. . . . The above referenced accounts have been closed in our office. For further information regarding the accounts, please contact Capital One Bank (USA) N.A. and LVNV Funding LLC. . . . This is an attempt to collect a debt by a debt collector and any information obtained will be used for that purpose. This communication is sent to you by Northland Group, Inc., a debt collector and a member of ACA International.

(Id. at 4-5.) Plaintiff alleges that the "alleged accounts" referenced in this communication "are beyond the Georgia Statute of Limitations, OCGA 9-3-25[1] on collections for stated type of account." (Id. at 5.)

Plaintiff states that she sent Defendant Northland Group Inc. a letter accompanied by a copy of a complaint that she intended to file against it. (Id.) Plaintiff avers that, in response to her letter, she received a telephone call from Defendant Olson, who identified himself as the attorney for Defendant Northland Group Inc. and told Plaintiff that he would send her an email formally introducing himself. (Id.) Plaintiff alleges that he sent her an email the same day in which he stated, "As I understand it, you admit obtaining credit from [Defendant Capital One Bank]." (Id.) Plaintiff denies ever making this admission or discussing the "alleged account" with him over the phone. (Id.) Plaintiff asserts that Defendant Olson failed to state that he was attempting to collect a debt during these communications. (Id.)

Plaintiff further alleges that she answered the email by demanding a validation of the alleged debt; she reports that she also sent a validation demand letter by mail. (Id.) Plaintiff avers that, in response, Defendant Olson sent her "a packet containing what appear to be account statements with no contract or signatures," without any indication that he was attempting to collect a debt." (Id. at 5-6.)

In addition, Plaintiff alleges that she discovered in May of 2011 that Defendant

---

[1] O.C.G.A. § 9-3-25 provides, in pertinent part, that "[a]ll actions upon open account, or for the breach of any contract not under the hand of the party sought to be charged, or upon any implied promise or undertaking shall be brought within four years after the right of action accrues."

LVNV Funding, LLC, "reported the same alleged debt on all three of [her] credit reports." (Id. at 6.) Plaintiff claims that the debt reported is not hers, that the balance claimed was not the same on all three reports, and that "the alleged account has been disputed with the Credit Reporting Agencies." (Id.)

Furthermore, Plaintiff alleges that, following her interactions with Defendant Northland Group Inc., she received a letter from Defendant Capital One Services, LLC, "thanking her for contacting them . . . and asking she contact them in regard to an alleged request she had not made to them." (Id. at 6.) Plaintiff states that she then demanded validation of the alleged debt, in response to which Defendant Capital One Services, LLC, informed her that they could not process her request without her personal information. (Id.)

Plaintiff seeks a monetary award against each Defendant consisting of statutory and actual damages, as well as costs and attorney's fees. (Id. at 7.)

## II.  DISCUSSION

### A.  No FDCPA Claim Against Defendants Capital One Bank or Capital One Services, LLC

Plaintiff's complaint fails to state a viable FDCPA claim against Defendants Capital One Bank and Capital One Services, LLC, because Plaintiff does not allege that these Defendants are debt collectors such that they are subject to liability under the FDCPA.

The FDCPA defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). "A 'debt

collector' is a term of art in the FDCPA," and an entity that does not meet the statutory definition of the term is not subject to liability under the FDCPA. <u>Charles Nu Ausar-El v. BAC Home Loans Servicing LP</u>, No. 11-10453, 2011 U.S. App. LEXIS 19400, at *3 (11th Cir. Sept. 21, 2011) (*per curiam*); see also <u>Madura v. Lakebridge Condo. Ass'n</u>, 382 F. App'x 862, 864 (11th Cir. 2010) (*per curiam*) (affirming judgment on the pleadings in favor of entity that was a creditor rather than a debt collector); <u>Rivera v. Amalgamated Debt Collection Servs.</u>, 462 F. Supp. 2d 1223, 1227 (S.D. Fla. 2006) ("To establish [a] claim under the FDCPA, [the plaintiff] must show that the [d]efendant is a debt collector and that it engaged in some act or omission prohibited by the FDCPA in attempting to collect from [the plaintiff] on her consumer debt.").

Here, Plaintiff does not allege that Defendants Capital One Bank and Capital One Services, LLC, attempted to collect from her on a debt owed to another; nor does she allege that these Defendants regularly engage in such collection activity. (<u>See</u> doc. no. 1, pp. 4-6.) Her allegation that the "alleged account" in question was with Defendant Capital One Bank suggests that Defendant Capital One Bank is a creditor, not a debt collector. <u>See</u> 15 U.S.C. § 1692a(4) (defining "creditor" as "any person who offers or extends credit creating a debt or to whom a debt is owed"); <u>Madura</u>, 382 F. App'x at 864 (contrasting FDCPA definitions of creditor and debt collector). Moreover, Plaintiff's allegation that Defendant Capital One Services, LLC, sent her a letter asking her to contact them about some unspecified matter does not indicate that it falls within the FDCPA's definition of debt collector. (<u>See</u> doc. no. 1, p. 6.) Consequently, Plaintiff's complaint fails to state a viable FDCPA claim against Defendants Capital One Bank and Capital One Services, LLC.

### B. No FDCPA Claim for Collection of Time-Barred Debt

Plaintiff also fails in her attempt to assert FDCPA claims based on the collection of time-barred debt against Defendants Northland Group Inc., Bartosh, Olson, and LVNV Funding, LLC.

The FDCPA makes it unlawful for debt collectors to use "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The "least sophisticated debtor" standard governs the determination of whether a debt collector has violated the provision; this standard is objective, and it focuses on whether the least sophisticated of consumers would be deceived or misled by the conduct at issue. LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1193 (11th Cir. 2010) (citing Jeter v. Credit Bureau, 760 F.2d 1168, 1175 (11th Cir. 1985)). The FDCPA lists various actions by debt collectors that violate the prohibition on false, deceptive, or misleading representations, including "[t]he false representation of . . . the character, amount, or legal status of any debt" and "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §§ 1692e(2)(A) & (10). Another of the enumerated actions that constitutes a "false, deceptive, or misleading representation" is the failure to disclose in any initial communication that "the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose," as well as the failure to disclose in any subsequent communications "that the communication is from a debt collector." Id. § 1692e(11). Furthermore, under § 1692f, debt collectors are prohibited from using "unfair or unconscionable means to collect or attempt to collect any debt."

Courts have found violations of §§ 1692e and 1692f based on attempts by debt collectors to pursue the collection of a debt when a legal action regarding the debt would be barred under the applicable state statute of limitations. See, e.g., Stepney v. Outsourcing Solutions, No. 97 C 5288, 1997 U.S. Dist. LEXIS 18264, at *13-14 (N.D. Ill. Nov. 4, 1997) (finding complaint stated a viable FDCPA claim based on defendant debt collectors' "knowing collection of time-barred debts"); Kimber v. Fed. Fin. Corp., 668 F. Supp. 1480, 1487-90 (M.D. Ala. 1987) (granting summary judgment to debtor on FDCPA claims based collection of "stale debt"). Notably, cases recognizing such claims characteristically involve situations in which debt collectors filed or threatened to file a lawsuit to recover time-barred debt or otherwise threatened "further collection action." See Stepney, 1997 U.S. Dist. LEXIS 18264, at *14 (FDCPA claim premised on knowing attempt to collect time-barred debts with threats of "further collection action"); Kimber, 668 F. Supp. at 1487-90 (FDCPA claim premised on threat to initiate litigation followed by lawsuit in attempt to collect time-barred debt).

However, the mere existence of time-barred debt combined with some communication from a debt collector regarding the debt is insufficient to establish an FDCPA violation. For example, a consumer cannot prevail on claims under §§ 1692e and 1692f where a debt collector simply communicates with her regarding debt that is time-barred without actively pursuing collection of the debt by filing suit or threatening further collection action. See Freyermuth v. Credit Bureau Servs., 248 F.3d 767, 771 (8th Cir. 2001) (holding that, "in the absence of a threat of litigation or actual litigation, no violation of the FDCPA has occurred when a debt collector attempts to collect on a potentially time-barred

7

debt that is otherwise valid"); Shorty v. Capital One Bank, 90 F. Supp. 2d 1330, 1332 (D.N.M. 2000) (no FDCPA claim where the communications at issue "[did] not threaten a lawsuit or any further collection action"). Furthermore, courts have declined to find that the inclusion of language statutorily required under the FDCPA threatens collection action or otherwise gives rise to a claim under §§ 1692e and 1692f. See, e.g., Wade v. Regional Credit Ass'n, 87 F.3d 1098, 1100 (9th Cir. 1996) (rejecting claim that debt collector violated FDCPA by sending communication that included statutorily required notice that communication was sent by a collection agency and was an attempt to collect a debt, despite the fact that collection activity was impermissible under state law); Ferguson v. Credit Mgmt. Control, Inc., 140 F. Supp. 2d 1293, 1302 (M.D. Fla. 2001) (same); Shorty, 90 F. Supp. 2d at 1332 ("A debt validation notice which sets forth verbatim the mandatory language of section 1692g(a)(4) cannot be considered false, deceptive or misleading in violation of section 1692e. . . ." (quoting Jang v. A.M. Miller & Assocs., Nos. 95 C 4919 & 95 C 6665, 1996 U.S. Dist. LEXIS 10883, at *17 (N.D. Ill. July 30, 1996))).

Here, Plaintiff fails to state viable FDCPA claims for the collection of time-barred debt against Defendants Northland Group Inc., Bartosh, Olson, and LVNV Funding, LLC. Plaintiff's allegations regarding the letter from Defendant Bartosh are insufficient to state such a claim because the letter, as quoted by Plaintiff, did not threaten litigation or indicate that any further collection action would be taken. To the contrary, the letter communicates an intent to accommodate Plaintiff by closing the accounts in question and by requesting that any negative information from Defendant Northland Group Inc. be removed from Plaintiff's credit reports. (See doc. no. 1, pp. 4-5.)

8

Moreover, the Court rejects Plaintiff's contention that the inclusion of the statutorily mandated language that the letter was "an attempt to collect a debt by a debt collector" creates an FDCPA claim. To permit such a claim would place debt collectors in an impossible situation, in that they would necessarily violate § 1692e's proscription on deceptive representations by including the language and would necessarily violate § 1692(e)(11) by leaving it out.[2] Therefore, the Court joins other courts that have faced the issue in finding that the mere inclusion of language statutorily required under the FDCPA does not give rise to claim under § 1692e or § 1692f. See Wade, 87 F.3d at 1100; Ferguson, 140 F. Supp. 2d at 1302; Shorty, 90 F. Supp. 2d at 1332.

Plaintiff's allegations concerning Defendants Olson and LVNV Funding, LLC, are similarly inadequate to state a viable FDCPA claim premised on the collection of time-barred debt. Plaintiff does not allege that Defendant Olson's communications – which purportedly consisted of an introductory telephone conversation and an email – involved any threat of litigation or any indication that further collection action would be taken. (See doc. no. 1, p. 5.) Likewise, Plaintiff merely alleges that Defendant LVNV Funding, LLC, improperly reported the debt to credit reporting agencies; such action is plainly insufficient to give rise to a claim premised on the collection of time-barred debt. Furthermore, because Plaintiff's allegations as to Defendants Bartosh and Olson fail to state a claim for the improper collection of time-barred debt, she also fails to state such a claim against their

---

[2] Plaintiff doubtlessly would have asserted a § 1692(e)(11) claim regarding the letter had it not set forth the required disclosure, as she has asserted such a claim based on every communication mentioned in her complaint that lacked the required language. (See doc. no. 1, pp. 5-6.)

employer/client, Defendant Northland Group Inc., based on their alleged actions.

In sum, Plaintiff's complaint fails to state a viable FDCPA claim based on the collection of time-barred debt.

### C. No FDCPA Claim for Collection Following Debt Verification Request

Plaintiff also attempts to bring a claim against Defendant Olson under § 1692g(b) based on his alleged failure to respond adequately to her request for validation of the debt in question. (Doc. no. 1, p. 7.) Notably, however, § 1692g(b) does not necessarily require validation or verification of debt when requested by a consumer. Rather, it requires a debt collector faced with such a request to "cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt . . . and a copy of such verification . . . is mailed to the consumer by the debt collector." 15 U.S.C. § 1692g(b). In other words, "a debt collector is not required to take some other affirmative step if the consumer disputes the debt. The plain language of § 1692g(b) requires only that a debt collector cease collection of the debt if it is disputed . . . ." Hepsen v. Resurgent Capital Servs., LP, 383 F. App'x 877, 882 (11th Cir. 2010) (*per curiam*) (internal citation omitted); see also Shimek v. Forbes, 374 F.3d 1011, 1014 (11th Cir. 2004) ("The plain language of Section 1692g(b) mandates that a debt collector 'cease collection of the debt' once verification is requested."); Zamos v. Asset Acceptance, LLC, 423 F. Supp. 2d 777, 786 (N.D. Ohio 2006) ("No violation of § 1692g(b) exists when a debt collector has 'ceased collection activities.'" (quoting Smith v. Transworld Sys., Inc., 953 F.2d 1025, 1031-1032 (6th Cir. 1992))).

Here, Plaintiff does not allege that Defendant Olson or anyone else engaged in

10

collection activities following her request for debt verification. Accordingly, she fails to state a claim upon which relief may be granted under § 1692g(b).

### III. CONCLUSION

For the reasons set forth above, this Court **REPORTS** and **RECOMMENDS** that Plaintiff's FDCPA claims for collection of time-barred debt and for collection following her debt verification request be **DISMISSED**. The Court further **RECOMMENDS** that Defendants Bartosh, Capital One Bank, and Capital One Services, LLC, be **DISMISSED** from this case.[3]

SO REPORTED and RECOMMENDED this __ day of November, 2011, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[3] In a simultaneously issued Order, the Court has ordered that service of process be effected on Defendant Northland Group Inc. based on Plaintiff's FCRA claim for improper accessing of her consumer report; the Court has also ordered that service be effected on Defendants Northland Group Inc., Olson, and LVNV Funding, LLC, based on Plaintiff's remaining FDCPA claims.