UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | |
|---|---|
| **TERI LYNN HINKLE**,<br><br>        Plaintiff<br><br>v.<br><br>**NORTHLAND GROUP, INC., VALERIE BARTOSH, JEFFREY A. OLSON, PLLC, CAPITAL ONE BANK (USA), N.A., CAPITAL ONE SERVICES, LLC, LVNV FUNDING, LLC,**<br><br>        Defendants | Case No. CV311-084 |

## NORTHLAND GROUP, INC.'S MOTION TO DISMISS

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Northland Group, Inc. (hereinafter "Northland") hereby moves this court for dismissal of all claims asserted against Northland herein and in support thereof states as follows:

1. This is one of ten lawsuits *pro se* Plaintiff has filed since June 16, 2011 against various corporate entities for alleged violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (hereinafter "FCRA") and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"). In this case, Plaintiff alleges that Defendant Northland violated both the FCRA and the FDCPA. However, Plaintiff's Complaint fails to allege sufficient facts upon which relief could be granted under either of these statutes.

2. Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that, to state a claim for relief, a pleading must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." While this standard does not demand "detailed factual allegations,"

it certainly "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) ("[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." (quoting *Twombly,* 550 U.S. at 555)). Moreover, to state a viable claim, the pleader must provide "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Iqbal,* 129 S.Ct. at 1949.

3. Pleadings drafted by *pro se* litigants must be liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) *(percuriam),* but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(1) & (ii).

### Plaintiff has failed to state a claim against Northland under FCRA.

4. Plaintiff's FCRA claims against Northland in this lawsuit are based solely upon the assertion that Northland accessed Plaintiff's credit report for an impermissible purpose. Specifically, Plaintiff alleges that Northland "obtained the TransUnion consumer credit report for the Plaintiff for no permissible purpose in violation of FCRA, 15 U.S.C. § 1681b." Compl. ¶ 21.

5. As Plaintiff alleges, Defendant Northland was performing the service of collecting on the account in question. Compl. ¶ 20.

6. The FCRA provides that a credit report may be obtained, *inter alia,* under the following circumstances:

      a.     for review or collection of an account of the consumer, 15 U.S.C. § 1681b(a)(3)(A);

      b.     by one who intends to use the information, as a potential investor or servicer in connection with a valuation of, or an assessment of the credit or prepayment risks associated with an existing credit obligation, 15 U.S.C. § 1681b(a)(3)(E); and

      c.     by one who otherwise has a legitimate business need for the information to review an account to determine whether the consumer continues to meet the terms of the account, 15 U.S.C. § 1681b(a)(3)(F)(ii).

7. Accordingly, as a collector of the account, Northland had the right to obtain the credit report of the Plaintiff pursuant to any one or all of these provisions.

8. Here, Plaintiff fails to state a claim that is plausible on its face. Essentially, Plaintiff alleges that Northland obtained a TransUnion credit report relating to Plaintiff without consent or any FCRA sanctioned purpose. Plaintiff alleges that she never had any business dealings or any accounts with Northland. However, not all of the "permissible purposes" under § 1681b involve the consumer directly entering into an interaction with the user. As stated above, one of the "permissible purposes" enumerated in the FCRA is "to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the. . . collection of an account of[] the consumer." 15 U.S.C. § 1681b(a)(3)(A). Thus, if a collection agency is retained by a creditor to collect a debt owed by a consumer, the agency has a permissible purpose for obtaining a consumer report in conjunction with its collection activities, so long as they relate to a transaction that the consumer initiated with the creditor. *See id*. As the collector of the debt, Northland had the right to obtain

Plaintiff's credit report to either review the account (*e.g.*, to determine what steps would be appropriate to attempt to collect on the account and whether or not to do so) and to collect on the account. In *Ostrander v. Unifund*, 2008 U.S. Dist. LEXIS 25040 (W.D.N.Y. 2008), the law firm of Sharinn & Lipshie, in attempting to collect a debt on behalf of its client, Unifund, Corp., "accessed plaintiff's credit report in connection with its collection activities on behalf of Unifund, the assignee of the delinquent Providian account," *Id*. at *11. The Court stated that, as a result, the Plaintiff could not "state a plausible claim for relief against Sharinn & Lipshie, and his FCRA § 1681b claim must be dismissed. *Id*.; *see also Miller v. Wolpoff & Abramson*, 309 Fed. Appx. 40 (7th Cir. 2008) (*unpublished opinion*) (law firm had permissible purpose to obtain credit report because it was acting on behalf of the owner of the debt).

9. In the same vein, Northland would have the right to access the Plaintiff's credit report either in utilizing the information to service the account on behalf of the owner pursuant to 15 U.S.C. § 1681b(a)(3)(E). *Id*.; *see also Miller*, 309 Fed. Appx. at 44 (law firm had permissible purpose to obtain credit report because it was acting on behalf of the owner of the debt).

10. In short, the scant factual matter set forth in Plaintiff's Complaint establishes nothing beyond speculation as to the "mere possibility" of an FCRA violation, without presenting "enough fact to raise a reasonable expectation that discovery will reveal" unlawful conduct. *Twombly*, 550 U.S. at 556. Moreover, Plaintiff's unsupported averment that Defendant Northland violated the FCRA by obtaining her consumer report without a permissible purpose amounts to nothing more than a "threadbare recital" of the elements of a § 1681b cause of action, which is plainly insufficient to state a claim to relief that is plausible on its face. *See Iqbal,* 129 S. Ct. at 1949 ("[T]he tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory

statements"). Furthermore, Plaintiff has failed to set forth any facts that Northland either willfully or negligently violated FCRA. *See Rush v. Macy's New York, Inc.,* 775 F.2d 1554, 1557 (11th Cir. 1995) (affirming dismissal of FCRA claim on the pleadings where the complaint "alleged no facts tending to show that [Defendant] 'willfully' *or* 'negligently' failed to comply with the FRCA"). Accordingly, Plaintiff has failed to state a claim under § 1681b, which is the only FCRA claim she attempts to assert in her complaint against Defendant Northland.

### Plaintiff has failed to state a claim under FDCPA upon which relief can be granted.

11.     Plaintiff has also asserted a claim against Northland for violation of FDCPA. The only assertions of violation of FDCPA are allegations relating (1) to a certified letter sent by Northland's employee, Valerie Bartosh, to Plaintiff advising that Northland had not reported the accounts at issue to any credit reporting agency and that Northland has requested that its inquiries be removed from Plaintiff's credit report and (2) a telephone conversation, follow-up email and correspondence by Northland's litigation counsel, Jeffrey A. Olson.

12.     Magistrate Judge Barfield has already reviewed these allegations and determined that "because Plaintiff's allegations as to Defendants Bartosh and Olson failed to state a claim for the improper collection of time-barred debt, she also fails to state such a claim against their employer/client, Defendant Northland Group, Inc. based on their alleged actions." *See* Magistrate Judge Report and Recommendation at pp. 9-10 [Doc. 5]. This Court adopted the Magistrate's recommendations. *See* 12/21/11 Order [Doc. 10].

13.     Accordingly, the only FDCPA claims remaining against Defendant Northland are based upon allegations that Defendant Olson "falsely attributed to [Plaintiff] an admission of incurring debt and properly failed to disclose that he was a debt collector attempting to collect a debt in his communications." *See* 11/22/11 Order [Doc. 4].

14. Section 1692e of the FDCPA prohibits certain actions taken by "debt collectors" when attempting to collect a debt. *See* 15 U.S.C. § 1692e. According to Plaintiff, Defendant Olson's telephone and email contact with her were "[o]n June 29, 2011, after receiving a letter and a copy of an impending suit to be brought by the Plaintiff against Northland Group, Inc." Compl. ¶ 25. This Court may take judicial notice that the lawsuit referenced by Ms. Hinkle had been already been filed against Northland at the time of this communication.[1] *See* Docket from *Hinkle v. Northland Group, et al,* Civil Action No. 3:11cv 00063-DHB-WLB (attached hereto as Exhibit C). Accordingly, at the time of the alleged communications, litigation was pending between Plaintiff and Northland and Defendant Olson was acting solely as an attorney for Northland in that matter. In fact, Plaintiff's Complaint expressly alleges that Defendant Olson was an attorney representing Defendant Northland and at no time alleges that he was acting as a debt collector. Compl. ¶¶ 4, 25.

15. Plaintiff alleges that Olson's email communication to contained a false statement and that "Defendant failed to state that he was attempting to collect a debt and therefore violated the FDCPA, 15 U.S.C. § 1692e(11)." *Id.* Since this email is central to Plaintiff's allegations and the existence of it is undisputed, it is permissible for the Court to consider this document in evaluating this Motion to Dismiss. *See Metal Morphosis, Inc. v. Acorn Media Publishing, Inc.*, 639 F.Supp.2d 1367, 1374 (N.D.Ga. 2009). Accordingly, attached hereto as Exhibit A is a copy of the email from Defendant Olson to Plaintiff.

16. With regard to Olson's response to Plaintiff's request for "validation" of the debt, Plaintiff alleges that "Defendant responded by mailing a packet containing what appear to be

---

[1] Consideration by this Court of public documents which are referenced in Plaintiff's Complaint is permissible in evaluating Northland's Motion to Dismiss without the need to convert this Motion to a Motion for Summary Judgment. *See Haddad v. Dudek*, 784 F.Supp.2d 1308, 1324 (M.D.Fla. 2011) (citing *Horne v. Potter,* 392 Fed.Appx. 800, 802 (11th Cir.2010)).

account statements with no contract or signatures, for an account past the Georgia Statute of Limitations, OCGA 9-3-25, on collections which did not constitute validation and again did not state he was attempting to collect a debt thus violating the FDCPA, 15 U.S.C. § 1692e, e(2), (11), g(B)."[2] *Id.* Again, having referenced this document in her Complaint and relied upon this it in framing her allegations, it is permissible for the Court to consider this document in evaluating this Motion to Dismiss. *See Metal Morphosis*, 639 F.Supp.2d at 1374. Accordingly, attached hereto as Exhibit B is a copy of the letter from Defendant Olson to Plaintiff in response to Plaintiff's request for "validation".

17. The email and letter attached hereto make it abundantly clear that Defendant Olson was not attempting to collect a debt, but rather acting as litigation counsel for Northland in responding to Plaintiff.

18. To the extent that the FDCPA claim asserted against Defendant Northland is dependent upon the Plaintiff's claim that Olson was acting on behalf of Northland, the claim must fail for the reasons set forth in Olson's Motion to Dismiss. Even viewing the allegations of Plaintiff's Complaint in the light most favorable to Plaintiff, Plaintiff has failed to state a plausible claim under Section 1592e because Defendant Olson was not nor has Plaintiff alleged that Defendant Olson acting as a debt collector. Moreover, Defendant Olson's actions in responding to Plaintiff as shown by Exhibits A and B hereto were not in an attempt to collect a debt, but rather as litigation counsel for Northland. Accordingly, Plaintiff has failed to state a claim for violation of FDCPA against Northland based upon the actions of Northland's litigation

---

[2] This Court has already determined that Plaintiff failed to state a claim under 15 U.S.C. § 1692g(B). *See* Magistrate's Judge's Report and Recommendation at p. 10-11 [Doc. 5], adopted as the opinion of the Court by Order dated 12/21/11 [Doc. 10].

counsel and, thus, Plaintiff's remaining allegations of violation of FDCPA against Defendant Northland are due to be dismissed for failure to state a claim upon which relief can be granted.

WHEREFORE, premises considered, Defendant Northland respectfully requests that the Court dismiss this suit with prejudice and for such other and further relief, both at law and in equity, to which the Defendant may be justly and legally entitled.

THIS, the 6th day of February, 2012.

    Respectfully submitted,

    NORTHLAND GROUP, INC.

    By Its Attorneys,

    /s/ April Reeves Freeman
    APRIL REEVES FREEMAN

April Reeves Freeman (GA Bar No. 517093)
Jones, Walker, Waechter, Poitevent,
Carrere & Denegre, L.L.P.
1201 Peachtree Street
400 Colony Square, Suite 200
Atlanta, Georgia 30361
afreeman@joneswalker.com
Phone:  (601) 949-4623
Fax:  (601) 949-4635

**CERTIFICATE OF SERVICE**

      I do hereby certify that on February 6, 2012, I electronically filed the foregoing with the Clerk of the court using the ECF system which sent notification of such filing to the following:

    Teri Lynn Hinkle
    322 Bethel Street
    Eastman, Georgia 31023

    John H. Bedard, Jr., Esq.
    Jonathan K. Aust, Esq.
    2810 Peachtree Industrial Blvd, Ste. D
    Duluth, Georgia 30097

                                          /s/ April Reeves Freeman
                                          APRIL REEVES FREEMAN