UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | |
|---|---|
| TERI LYNN HINKLE,<br><br>　　　　　Plaintiff<br><br>v.<br><br>NORTHLAND GROUP, INC., VALERIE BARTOSH, JEFFREY A. OLSON, PLLC, CAPITAL ONE BANK (USA), N.A., CAPITAL ONE SERVICES, LLC, LVNV FUNDING, LLC,<br><br>　　　　　Defendants | Case No. CV311-084 |

## JEFFREY A. OLSON, PLLC'S MOTION TO DISMISS

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Jeffrey A. Olson, PLLC (hereinafter "Olson") hereby moves this court for dismissal of all claims asserted against Olson herein and in support thereof states as follows:

1.　　This is one of ten lawsuits *pro se* Plaintiff has filed since June 16, 2011 for alleged violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (hereinafter "FCRA") and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"). As to Defendant Olson, Plaintiff has asserted only an alleged violation of the FDCPA.

2.　　Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that, to state a claim for relief, a pleading must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." While this standard does not demand "detailed factual allegations," it certainly "requires more than labels and conclusions, and a formulaic recitation of the elements

of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) ("[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." (quoting *Twombly,* 550 U.S. at 555)). Moreover, to state a viable claim, the pleader must provide "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Iqbal,* 129 S.Ct. at 1949.

3. Pleadings drafted by *pro se* litigants must be liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) *(percuriam),* but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(1) & (ii).

4. Defendant Northland Group, Inc. (hereinafter "Northland") is a debt collection agency, collecting delinquent accounts for others.

5. Defendant Olson is a law firm, formed pursuant to the laws of Minnesota, that provides legal representation to its clients, including Defendant Northland. Complaint ¶¶ 4, 25.

6. Plaintiff commenced her initial lawsuit against Northland on June 24, 2011, claiming an alleged FCRA violation based upon her allegation that she never had an account "with Northland" and therefore Northland did not have a "permissible purpose" to access her credit bureau information. *See Hinkle v. Northland Group, et al,* Civil Action No. 3:11cv 00063-DHB-WLB. Plaintiff subsequently moved to dismiss her initial complaint and filed a revised Complaint on September 7, 2011, adding additional defendants including Olson, which is the action currently pending before the Court.

7.       After the commencement of Plaintiff's initial lawsuit, Defendant Olson contacted Plaintiff via telephone to introduce himself as counsel for Northland.  Compl. ¶ 25.  Olson followed up that phone conversation with an email the same day.  *Id.*  Having referenced and quoted from said email in her current Complaint, it is permissible for the Court to consider the full contents of said email. *See Metal Morphosis, Inc. v. Acorn Media Publishing, Inc.*, 639 F.Supp.2d 1367, 1374 (N.D.Ga. 2009).   A true and correct copy of said email is attached hereto as Exhibit A.  This email clearly references that it was in relation to Plaintiff's pending lawsuit.

8.       Thereafter, Plaintiff sent Olson an email stating that she had never had an account with Northland and since Northland "believe they have one", Plaintiff asked for "validation" of that debt.  Compl. ¶ 5; Ex. A hereto.  Olson responded by letter, again plainly in response to the pending litigation, attaching several documents to identify the Capital One account that had been placed for collection with Northland. Compl. ¶ 25.  Again, having referenced this document in her Complaint and relied upon this in framing her allegations against Defendant Olson, it is permissible for the Court to consider this document in evaluating Defendant Olson's Motion to Dismiss.  *See Metal Morphosis*, 639 F.Supp.2d at 1374.  A copy of Defendant Olson's letter to Plaintiff is attached hereto as Exhibit B.

9.       In support of her alleged FDCPA claim against Olson, Plaintiff alleges that Olson's email communications to her contained a false statement that she had admitted obtaining credit from Capital One Bank and that "Defendant failed to state that he was attempting to collect a debt and therefore violated the FDCPA, 15 U.S.C. § 1692e(11)." *Id.*

10.      With regard to Olson's response to Plaintiff's request for "validation", Plaintiff alleges that "Defendant responded by mailing a packet containing what appear to be account statements with no contract or signatures, for an account past the Georgia Statute of Limitations,

3

OCGA 9-3-25, on collections which did not constitute validation and again did not state he was attempting to collect a debt thus violating the FDCPA, 15 U.S.C. § 1692e, e(2), (11), g(B)."[1] *Id.*

11.     Importantly, the prohibitions set forth in Section 1692e of the FDCPA expressly apply only to "debt collectors". *See* 15 U.S.C. § 1692e. To state an FDCPA claim against Defendant Olson, Plaintiff must allege that Defendant Olson is a <u>*debt collector*</u> as defined by the FDCPA and that he engaged in some act or omission prohibited by the FDCPA <u>*in attempting to collect from Plaintiff*</u>. *See Rivera v. Amalgamated Debt Collection Servs.*, 462 F. Supp. 2d 1223, 1227 (S.D. Fla. 2006). Nowhere in Plaintiff's Complaint does she allege that Defendant Olson is a debt collector. To the contrary, Plaintiff affirmatively alleges that Defendant Olson is an attorney representing Defendant Northland with respect to Plaintiff's lawsuit. Compl. ¶¶ 4, 25. Plaintiff's claim is fatally flawed. She has not alleged that Olson is a debt collector nor that he was attempting to collect at times relevant to this lawsuit.

12.     According to Plaintiff, Defendant Olson's telephone and email contact with her were "[o]n June 29, 2011, after receiving a letter and a copy of an impending suit to be brought by the Plaintiff against Northland Group, Inc." Compl. ¶ 25. This Court may take judicial notice that the lawsuit referenced by Ms. Hinkle had been already been filed against Northland at the time of this communication.[2] *See* Docket from *Hinkle v. Northland Group, et al,* Civil Action No. 3:11cv 00063-DHB-WLB (attached hereto as Exhibit C). Accordingly, and as Plaintiff

---

[1] This Court has already determined that Plaintiff failed to state a claim under 15 U.S.C. § 1692g(B). *See* Magistrate's Judge's Report and Recommendation at p. 10-11 [Doc. 5], adopted as the opinion of the Court by Order dated 12/21/11 [Doc. 10].

[2] Consideration by this Court of public documents which are referenced in Plaintiff's Complaint is permissible in evaluating Olson's Motion to Dismiss without the need to convert this Motion to a Motion for Summary Judgment. *See Haddad v. Dudek*, 784 F.Supp.2d 1308, 1324 (M.D.Fla. 2011) (citing *Horne v. Potter,* 392 Fed.Appx. 800, 802 (11th Cir.2010)).

alleges, Defendant Olson was acting as counsel for Northland in litigation which was pending against Northland.

13. Plaintiff also references and quotes from a letter that she received from Northland (Compl. ¶ 24) which is, therefore, also permissible for this Court to consider when evaluating this Motion. *See Metal Morphosis*, 639 F.Supp.2d at 1374. In that letter, dated June 21, 2011, Northland advised Plaintiff that the account in Plaintiff's name had already been closed by Northland. Accordingly, Olson's communications, all taking place after June 21, could not have been in furtherance of any debt collection activity but rather related only to the alleged claim by Plaintiff. A copy of the 6/21/11 Letter is attached hereto as Exhibit D.

14. Not only did Plaintiff fail to allege that Defendant Olson was a debt collector for purposes of her FDCPA claims, the email and letter attached hereto make it abundantly clear that Defendant Olson was not acting as a debt collector in an attempt to collect a debt, but rather litigation counsel relative to the lawsuit that *Plaintiff* had commenced against Northland.

15. Even viewing the allegations of Plaintiff's Complaint in the light most favorable to Plaintiff, Plaintiff has failed to state a plausible claim under Section 1692e because Defendant Olson was not nor has Plaintiff alleged that Defendant Olson was acting as a debt collector. Moreover, Defendant Olson's actions in responding to her as shown by Exhibits A and B hereto were not in an attempt to collect a debt, but rather as litigation counsel for Northland. Accordingly, Plaintiff's alleged FDCPA claims against Defendant Olson must be dismissed for failure to state a claim upon which relief can be granted.

WHEREFORE, premises considered, Defendant Olson respectfully requests that the Court dismiss this suit with prejudice and for such other and further relief, both at law and in equity, to which the Defendant may be justly and legally entitled.

3330321.1/19255.35046

THIS, the 6th day of February, 2012.

            Respectfully submitted,

            JEFFREY A. OLSON, PLLC

            By Its Attorneys,


            /s/ April Reeves Freeman
            APRIL REEVES FREEMAN

April Reeves Freeman (GA Bar No. 517093)
Jones, Walker, Waechter, Poitevent,
Carrere & Denegre, L.L.P.
1201 Peachtree Street
400 Colony Square, Suite 200
Atlanta, Georgia 30361
afreeman@joneswalker.com
Phone: (601) 949-4623
Fax: (601) 949-4635

## CERTIFICATE OF SERVICE

  I do hereby certify that on February 6, 2012, I electronically filed the foregoing with the Clerk of the court using the ECF system which sent notification of such filing to the following:

    Teri Lynn Hinkle
    322 Bethel Street
    Eastman, Georgia 31023

    John H. Bedard, Jr., Esq.
    Jonathan K. Aust, Esq.
    2810 Peachtree Industrial Blvd, Ste. D
    Duluth, Georgia 30097

            /s/ April Reeves Freeman
            APRIL REEVES FREEMAN

3330321.1/19255.35046