**Jeffrey A. Olson**

| | |
|---|---|
| **From:** | queensongbird [queensongbird@gmail.com] |
| **Sent:** | Wednesday, June 29, 2011 6:20 PM |
| **To:** | Jeffrey A. Olson |
| **Subject:** | Re: Hinkle v. Northland Group, Inc. |
| **Attachments:** | DEBT VALIDATION.doc |

Mr. Olson,

I appreciate your contacting me in this matter however there seems to be some misunderstanding. I have not admitted to any debt to anyone. You did not mention any except NORTHLAND'S claim to have been attempting to collect on "an" account. I said over the phone and will repeat; I have never had an account with NORTHLAND nor do I anticipate having one. However since you have indicated they believe they have one, I have attached a letter of demand for validation of debt to this email. I will send the letter via USPS tomorrow.

This issue is strictly one of two violations of the FCRA and not an issue of debt. I have no interest in arguing the case via email but to clarify my position;

**The FCRA in 15 U.S.C. §1681a(r)(4) states:**

*The terms "account" and "electronic fund transfer" have the same meanings as in*

*section 903 of the Electronic Fund Transfer Act.*

**TITLE IX—ELECTRONIC FUND TRANSFERS**

**§ 903.  Definitions**

As used in this title--

(2)  the term "account" means a demand deposit, savings deposit, or other asset account **(other than an occasional or incidental credit balance in an open end credit plan as defined in section 103(i) of this Act)**, as described in regulations of the Board, established primarily for personal, family, or household purposes, but such term does not include an account held by a financial institution pursuant to a bona fide trust agreement;

As you can see, the definition of "account" clearly does NOT include an account such as a credit card open end credit account but **_includes a demand deposit account, savings deposit or other asset account_** which is wholly different.

NORTHLAND'S premise of permissible purpose holds no legitimacy and I intend as I stated in previous communications to hold them accountable for the two violations present on my credit report. I am willing to settle this matter outside of litigation even though I have already sent the suit. If NORTHLAND will pay the amount of damages allowed under FCRA of $1000.00 per violation I will sign an agreement to that end.

Naturally I would prefer to settle this matter now but I am willing to allow the suit to go

**EXHIBIT A**

9/8/2011

forth and let a jury decide in which case the costs could be much higher to NORTHLAND GROUP as that first suit is for one violation. Upon the resolution of that one, I will file the second one.

Thank you for your offer of assistance with the Waiver of Service form but I am sure I can handle that on my own if we must continue the pursuance of this matter through the court.

Respectfully Yours,

Teri Lynn Hinkle

On Wed, Jun 29, 2011 at 5:53 PM, Jeffrey A. Olson <jao@biz-lit.com> wrote:

Ms. Hinkle:

As discussed, here is my contact information.  Feel free to contact me at any time.  If you have not already sent your Summons and Complaint out for service, I would be willing to present a waiver of service form to my client in order to avoid you incurring additional costs….. if you need help with the form, perhaps that is something that my assistant could assist you with (joy@biz-lit.com)

As to your allegations, I would like to have a better understanding of your claim.  As I understand it, you admit obtaining credit from Capital One Bank (USA) N.A..  However, you deny having a direct relationship with Northland and therefore you have alleged that Northland does not have a permissible purpose in seeking and obtaining a consumer report in your name. I would suggest that pursuant to 15 U.S.C. §1681b(a)(3)(A), collection of an account is an expressly permitted purpose.  But, would be interested in learning more about your theory(ies) of the case so that we might appropriately consider all avenues of resolving this matter amicably before moving to the next stage.  I look forward to your response.

jeff

Jeffrey A. Olson

Jeffrey A. Olson, PLLC

7831 Glenroy Road

Suite 185

Edina, MN  55439

952.835.4709

9/8/2011

952.835.4710 fax

jao@biz-lit.com

--
Teri Lynn Hinkle