IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | |
|---|---|
| TERRI LYNN HINKLE<br><br>    Plaintiff,<br><br>v.<br><br>NORTHLAND GROUP, INC.,<br>VALERIE BARTOSH,<br>JEFFERY A. OLSON, PLLC,<br>CAPITAL ONE BANK (USA), N.A.,<br>CAPITAL ONE SERVICES, LLC,<br>LVNV FUNDING, LLC,<br><br>    Defendants. | CIVIL ACTION<br>FILE NO. 3:11-cv-0084-DHB-WLB |

**DEFENDANT LVNV FUNDING, LLC'S**
**ANSWER TO PLAINTIFF'S COMPLAINT**

COMES NOW, LVNV Funding, LLC, Defendant in the above-referenced action (hereinafter "Defendant"), and files this Answer in response to the Plaintiff's Complaint as follows:

**FIRST DEFENSE**

Plaintiff's complaint fails to state a claim against Defendant upon which relief may be granted.

**SECOND DEFENSE**

- 1 -

Any act or omission by Defendants, if determined to be in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C § 1692 *et seq.,* was not intentional and was the result of a *bona fide* error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error. Accordingly, Defendant would have no liability pursuant to 15 U.S.C. § 1692k(c).

### THIRD DEFENSE

Plaintiff has not been damaged; therefore, Plaintiff may not recover against Defendant.

### FOURTH DEFENSE

Plaintiff's claims are or may be subject to an arbitration agreement requiring her to submit her claims to mandatory and binding arbitration. If so, Defendant will exercise its right to arbitration under the agreement, which is specifically enforceable pursuant to the Federal Arbitration Act, 9 U.S.C. Section 1, *et. seq.*

### FIFTH DEFENSE

Subject to the foregoing defenses and without waiving same, Defendant responds to the individually numbered paragraphs of Plaintiff's Complaint as follows:

### JURISDICTION

1.     Defendant admits that Plaintiff attempts to assert claims under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.* and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*. Defendant denies it violated the FCRA or the FDCPA. Defendant denies this Court has supplemental jurisdiction over Plaintiff's claims.

2.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 2 of Plaintiff's Complaint.

## PARTIES

3.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.     Defendant admits it has a mailing address of 15 South Main Street, #600, Greenville, South Carolina, 29601. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 4 of Plaintiff's Complaint.

## VENUE

5.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6.     Defendant admits venue is proper in this Court.

## GENERAL ALLEGATIONS

7. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10. The allegations contained in Paragraph 10 of Plaintiff's Complaint relate to legal conclusions to which Defendant is under known obligation to respond. To the extent a response is necessary, Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 10 of Plaintiff's Complaint.

## Count I

### VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. § 1681 WILLFUL NON-COMPLIANCE BY DEFENDANT NORTHLAND GROUP INC.

11. Defendant incorporates by reference all of the above paragraphs of this Answer as though fully stated herein.

12. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 13 of the Plaintiff's Complaint.

14. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15. Defendant denies that Plaintiff has accurately and completely quoted the FCRA.

16. Defendant denies that Plaintiff has accurately and completely quoted the FCRA.

17. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19. Defendant denies that Plaintiff has accurately and completely quoted the FCRA.

20. Defendant denies that Plaintiff has accurately and completely quoted the FCRA.

21. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 22 of Plaintiff's Complaint.

## Count II

**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. § 1692 WILLFUL NON-COMPLIANCE BY DEFENDANTS NORTHLAND GROUP INC., VALERIE BARTOSH, JEFFREY A. OLSON, CAPITAL ONE BANK (USA) N.A., CAPITAL ONE SERVICES, LLC AND LVNV FUNDING, LLC.**

23.     Defendant incorporates by reference all of the above paragraphs of this Answer as though fully stated herein.

24.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26.     Defendant denies inconsistently reporting the account balance of an alleged unpaid account to the credit reporting agencies.  Pursuant to this Court's Order [See Docket No. 10], Plaintiff's claims under the FDCPA 15 U.S.C. § 1692 *et seq.*, for collection of time-barred debt are dismissed; however, to the extent a response is necessary to Plaintiff's allegations pertaining to the collection of time-barred debt, Defendant denies these allegations of Plaintiff.  Defendant lacks knowledge or information sufficient to form a belief as to Plaintiff's allegations

disputing the alleged unpaid account with the credit reporting agencies. Defendant denies any violation of FDCPA, 15 U.S.C. §§ 1692e, e(2), e(10), and 1692f.

27. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28. Defendant denies that Plaintiff has accurately and completely quoted the FDCPA.

29. Defendant denies any and all remaining allegations contained in Plaintiff's Complaint not specifically admitted herein.

30. Defendant denies Plaintiff's demand for a trial by jury.

WHEREFORE, Defendant prays that Plaintiff's Complaint be dismissed with prejudice; that judgment be granted to Defendant and that the relief requested by Plaintiff be denied; that all costs be taxed to Plaintiff; and for such other and further relief as the Court deems just and proper.

This 21st day of February, 2012.        Respectfully submitted,

**BEDARD LAW GROUP, P.C.**

/s/ Jonathan K. Aust
Jonathan K. Aust
Georgia Bar No. 448584
John H. Bedard, Jr.
Georgia Bar No. 043473

2810 Peachtree Industrial Blvd.
Suite D

Duluth, Georgia 30097
Telephone: (678) 253-1871
Facsimile: (678) 253-1873
jaust@bedardlawgroup.com
jbedard@bedardlawgroup.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | |
|---|---|
| TERRI LYNN HINKLE<br><br>        Plaintiff,<br><br>v.<br><br>NORTHLAND GROUP, INC.,<br>VALERIE BARTOSH,<br>JEFFERY A. OLSON, PLLC,<br>CAPITAL ONE BANK (USA), N.A.,<br>CAPITAL ONE SERVICES, LLC,<br>LVNV FUNDING, LLC,<br><br>        Defendants. | CIVIL ACTION<br>FILE NO. 3:11-cv-0084-DHB-WLB |

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Defendant LVNV Funding, LLC's Answer to Plaintiff's Complaint was, this day, electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all attorney(s) of record.

April Reeves Freeman
afreeman@joneswalker.com

Furthermore, on this date, a copy of this document, including any attachments filed with this document, has been mailed by United States Postal Service to any non CM/ECF participants in this case as indicated below.

Terri Lynn Hinkle
322 Bethel Street
Eastman, Georgia 31023

This 21st day of February, 2012.        Respectfully submitted,

**BEDARD LAW GROUP, P.C.**

/s/ Jonathan K. Aust
Jonathan K. Aust
Georgia Bar No. 448584
John H. Bedard, Jr.
Georgia Bar No. 043473