FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2012 MAR 27  AM 10:10
CLERK
SO. DIST. OF GA.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### DUBLIN DIVISION

Teri Lynn Hinkle )
    *Plaintiff,* )
) Case No. 3:11-cv-00084
vs )
)
NORTHLAND GROUP INC )
VALERIE BARTOSH )
JEFFREY A. OLSON, PLLC )
CAPITAL ONE BANK (USA) N.A. )
CAPITAL ONE SERVICES, LLC )
LVNV FUNDING, LLC )
    *Defendants.* )
)

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT NORTHLAND GROUP, INC.'s MOTION TO DISMISS

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW the Plaintiff Teri Lynn Hinkle who hereby submits her response to the Motion To Dismiss pursuant to FRCP Rule 12(b)(6) by Defendant Northland Group, Inc. (hereinafter "Northland") and states as follows:

### I. STATEMENT OF FACTS

1. Plaintiff Teri Lynn Hinkle filed suit against Northland and other entities on September 7, 2011 alleging violations of the FCRA and FDCPA.

2. Plaintiff discovered that Northland had obtained her credit report from TransUnion in May 2010 with no permissible purpose in violation of the FCRA.

3. This case stems from the actions of the Defendants in their effort to collect an alleged debt from, and acquiring the TransUnion Credit report of, the Plaintiff on multiple occasions. The original creditor for the alleged debt was Capitol One Bank (USA) N.A.

4. Defendant claimed to have rights to said alleged account which they claim afforded them permissible purpose to acquire Plaintiff's credit report from TransUnion.

5. Plaintiff, on multiple occasions, made demands for validation of the alleged debt and Defendant failed to properly respond to said demands.

6. Plaintiff received responses that consisted of nothing more than a letter from a Northland Employee, Valerie Bartosh, and several documents which appeared to be copies of account billings with no other verified documentation attached.

7. In the same letter it was stated that Defendant had requested the inquiries be removed from Plaintiff's credit report and that the alleged account had been closed in their office.

## II. STANDARD OF REVIEW

8. Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." *Id.* At 555. "[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* At 570.

9. The complaint must only include "sufficient factual allegations to provide the grounds on which the claim rests". *Friends of Lake View School District v. Beebe*, 578 F.3d 753, 762

(8th Cir. 2009). While "mere labels and conclusions" will not satisfy a plaintiff's burden, there is no need for detailed factual allegation or specific facts that describe the evidence to be presented. *Id.* A plaintiff satisfies their burden if they allege facts sufficient to allow a court to infer "more than the mere possibility of misconduct". *Ashcroft v. Iqbql*, 129 W.Ct. 1937, 1950 (2009).

10. Well-pleaded allegations of fact and every inference fairly deducible therefrom are accepted as true for purposes of a motion to dismiss. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and "that recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556.

### III. ARGUMENTS AND AUTHORITIES

11. "When considering Defendant's motion, the court must construe the factual allegations in the complaint in the light most favorable to the plaintiff." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Sir. 1996): *Jones v. General Elec. Co.*, 87 F.3d 209, 211 (7th Cir. 1996). "Only if no possible construction of the alleged facts will entitle plaintiff to relief should the court grant defendant's motion." *Hishon v. King & Spaulding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984). If the factual allegations in plaintiff's complaint support any legal theory that entitles plaintiff to some relief, the court should overrule defendant's motion to dismiss.

12. In Defendant Northland's motion to dismiss they cite several "well used" arguments as to why they had a permissible purpose to obtain Plaintiff's credit report but failed to address the **SPECIFIC** information that Plaintiff included in her complaint. Plaintiff cited the **SPECIFIC** definition of the word account (*See* Complaint [Docket #1] ¶¶19-20) which

shows that the type of account that Northland was attempting to collect on was NOT included in those that would have a permissible purpose under the FCRA and, in fact, was **SPECIFICALLY EXCLUDED**. Past practice by the Defendant does NOT equate to following the law as shown in Plaintiff's complaint.

13. Defendant's argument of having permissible purpose to obtain Plaintiff's credit report is obviously without merit when ALL of the information that was presented in Plaintiff's complaint is seen and considered by the court. Plaintiff has, in fact, stated a claim upon which relief can be granted under the FCRA.

### A. THE FDCPA IMPOSES A STRICT LIABILITY STANDARD.

14. The FDCPA, 15 U.S.C. § 1692, et seq., is a strict liability statute, *Taylor v. Perrin, Landry deLaunay & Durand*, 103 F.3d 1232 (5th Cir. 1997): see also *Irwin v. Mascott*, 112 F. Supp. 2d 937 (N.D. Cal. 2000): Pittman v. J.J. *Mac Intyre Co. of Nevada, Inc.*, 969 F. Supp. 609 (D. Nev. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." *Russell v. Equifax A.R.S.*, 74 F. 3d 30, 33-34 (2nd Cir. 1996).

### B. THE FDCPA MUST BE LIBERALLY CONSTRUED IN FAVOR OF CONSUMER DEBTORS.

15. The FDCPA is a remedial statute. *Hamilton v. United Healthcare of Louisiana, Inc.*, 310 F. 3d 385, 392 (5th Cir. 2002). The remedial nature of the FDCPA requires that courts interpret it liberally. *Clark v. Capital Credit & Collection Services, Inc.*, 460 F. 3d 1162, 1176 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C. § 1601 *et seq.*, is a remedial statute, it should be construed liberally in favor of the consumer." Johnson v. Riddle, 305 F. 3d 1107, 1117 (20th Cir. 2002).

## C. THE FDCPA IS TO BE INTERPRETED IN ACCORDANCE WITH THE LEAST SOPHISTICATED CONSUMER STANDARD.

16. The FDCPA is to be interpreted "under an unsophisticated or least sophisticated consumer standard." *Gonzales v. Kay*, 577 F.3d 600, 603 (5th Sir. 2009) (quoting *Gaswami v. Am. Collections Enter., Inc.*, 377 F.3d 488, 495 (5th Cir. 2004); *Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232, 1236 (5th Cir. 1997). The court must "assume that the plaintiff-debtor is neither shrewd nor experienced in dealing with creditors." *Goswami v. Am. Collections Inter., Inc.*, 377 F.3d at 495. The FDCPA was passed to eliminate "abusive, deceptive, and unfair debt collection practices." *Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008) (citing 15 U.S.C. § 1692(a)). Courts use the "least sophisticated consumer" standard, an objective test, when assessing whether particular conduct violates the FDCPA. *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 329 (6th Cir. 2006). The least sophisticated consumer test is objective and is designed "to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd." *Kistner v. Law Offices of Michael P. Margelefsky, LLC*, 518 F.3d 433, 438 (6th Cir. 2008) (quotations and citation omitted). Claims under the Fair Debt Collections Practices Act adhere to the unsophisticated consumer standard. See Grammon v. GC Services Ltd. Partnership, C.A. 7 (Ill.)1994, 27 F.3d 1254, on remand 162 F.R.D. 313.

17. Plaintiff, as a least sophisticated consumer, did make a demand of the Defendant Northland to validate the alleged debt they were attempting to collect and Defendant failed to provide validation contrary to the arguments.

18. Validation requires presentment of the account and general ledger statement signed and dated by the party responsible for maintaining the account. See Pacific Concrete F.C.U. v. Kauanoe, 62 Haw. 334, 614 P. 936 (1980), GE Capital Hawaii, Inc. v. Yonenaka 25 P. 3d

807, 96 Hawaii 32, (Hawaii App 2001). Fooks v. Norwich Housing Authority 28 Conn. L. Rptr. 371, (Conn. Super. 2000), Town of Brookfield v. Candlewood Shores Estates, Inc. 513 A. 2d 1218, 201 Conn. I (1986), and Solon v. Godbole, 163 Ill. App. 3D 845, 114 I11. Dec. 890, 516 N. E. 2d 1045 (3Dist. 1987). Defendant failed to provide nothing more than copies of what appeared to be account statements with nothing verified.

19. Northland first states they have permissible purpose for obtaining Plaintiff's credit report for collection of an account but then states that it is not collecting the account so there is no FDCPA violation. Defendant cannot have it both ways. The fact that Northland requested the inquiries be removed from Plaintiff's credit file would appear to be an admission on the part of the Northland as to the illegal action which stemmed from the credit inquiry and attempted collection of an account that was never validated.

20. Defendant's later claims that it was not attempting to collect on a debt are in direct contradiction to its earlier assertion of permissible purpose under the FDCPA to do so in their activities. The Defendant obviously intends to confuse the court to avoid liability by having the action against them dismissed.

21. Plaintiff has pleaded facts sufficient to allow a court, drawing on "judicial experience and common sense", to infer "more than the mere possibility of misconduct", which easily satisfies her burden of pleading under the FCRA and FDCPA at this stage. See Ashcroft v. Iqbal, 129 S.Ct. at 1950. Plaintiff has also alleged that she has been damaged by the Defendant Northland. Plaintiff's claims should therefore survive dismissal.

WHEREFORE, Plaintiff respectfully requests that this Court enter an order denying Defendant Northland's Motion to Dismiss Pursuant to FRCP 12(b)(6). In the alternative, if

the Court determines Plaintiff has failed to state a claim, Plaintiff asks the Court to grant leave to amend her complaint.

Respectfully Submitted,

March 23, 2012

_/s/ Teri Lynn Hinkle_
Teri Lynn Hinkle
322 Bethel Street
Eastman, Georgia 31023
478-374-4132

## CERTIFICATE OF SERVICE

This is to certify that I have mailed copies of the above document by first class mail USPS to all parties listed below.

Dated: March 23, 2012

*[signature]*

Teri Lynn Hinkle
322 Bethel Street
Eastman, Georgia 31023


April Reeves Freeman (GA Bar No. 5170930
Jones, Walker, Waechter, Poitevant
Carrere & Denegre, L.L.P.
1201 Peachtree Street
400 Colony Square, Suite 200
Atlanta, Georgia 30361



U.S. POSTAGE
PAID
EASTMAN, GA
31023
MAR 26, 12
AMOUNT
$1.90
00030247-03

Clerk, U.S. District Court
Post Office Box 1130
Augusta, Georgia
309