UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | |
|---|---|
| **TERI LYNN HINKLE**, <br><br> Plaintiff <br><br> v. <br><br> **NORTHLAND GROUP, INC., VALERIE BARTOSH, JEFFREY A. OLSON, PLLC, CAPITAL ONE BANK (USA), N.A., CAPITAL ONE SERVICES, LLC, LVNV FUNDING, LLC,** <br><br> Defendants | Case No. CV311-084 |

## NORTHLAND GROUP, INC.'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS

Defendant Northland Group, Inc. (hereinafter "Northland") files this its Reply Brief in Support of Motion to Dismiss (hereinafter "Motion") and states as follows:

**Plaintiff has failed to state a claim against Northland under FCRA.**

As set forth in Northland's Motion, Plaintiff's FCRA claim against Northland in this lawsuit is based solely upon the assertion that Northland accessed Plaintiff's credit report for an impermissible purpose. However, Plaintiff herself alleges that Northland was acting as a collector on the account in question. Compl. ¶ 20. Accordingly, Plaintiff's FCRA claim fails as a matter of law because the FCRA permits a party to obtain a credit report for "review or collection of an account of the consumer." 15 U.S.C. § 1681b(a)(3)(A). As the collector of the debt, Northland had the right to obtain Plaintiff's credit report to review information relating to

Plaintiff (*e.g.*, to determine what steps would be appropriate to attempt to collect on the account and whether or not to do so), and to collect on the account.

In response to Northland's Motion, Plaintiff alleges that the type of account that Northland was attempting to collect is not included in those that would have a permissible purpose under the FCRA.  Pl.'s Resp. ¶ 12.  To the contrary, courts have repeatedly applied the FCRA to credit card accounts.  *See, e.g., Huertas v. Galaxy Asset Mgt*, 641 F.3d 28, 34 (3rd Cir. 2011) (holding that Section 1681b(a)(3)(A) authorized the use of the plaintiff's credit report to collect on his delinquent credit card debt); *Clymer v. Discover Bank*, 2011 WL 3319542, at *4 (C.D. Cal 2011) (applying FCRA to collection of credit card debt); *Cappetta v. GC Serv. Ltd Ptrship*, 654 F.Supp.2d 453, 463 (E.D. Va. 2009) (applying provisions of Section 1681b(a)(3)(A) to collection of credit card account);  *Ostrander v. Unifund Corp.*, 2008 WL 850329. at *2 (W.D.N.Y. 2008) (same).  Accordingly, Northland had a permissible purpose for obtaining Plaintiff's credit report.  Plaintiff's FCRA claim fails as a matter of law.

**<u>Plaintiff has failed to state a claim under FDCPA upon which relief can be granted.</u>**

With regard to Plaintiff's FDCPA claim, Plaintiff's Complaint alleges violation of the FDCPA based on (1) a certified letter sent by Northland's employee, Valerie Bartosh, to Plaintiff advising that Northland had not reported the accounts at issue to any credit reporting agency and that Northland had requested that its inquiries be removed from Plaintiff's credit report and (2) a telephone conversation, follow-up email and correspondence by Northland's litigation counsel, Jeffrey A. Olson.  As set forth in Northland's Motion, this Court has already found that Plaintiff failed to state a claim for improper collection of a time-barred debt based on allegations regarding communications by Ms. Bartosh and Mr. Olson.  *See* Magistrate Judge Report and

Recommendation at pp. 9-10 [Doc. 5]; 12/21/11 Order [Doc. 10] (adopting Magistrate's Recommendation).  Thus, the only remaining basis for the alleged FDCPA violation are the allegations that Jeffrey A. Olson, litigation counsel for Northland, falsely attributed to Plaintiff an admission of incurring debt and failed to disclose that he was a debt collector.  As set forth in Northland's Motion, Olson was not acting as a debt collector nor has Plaintiff alleged that he was.  In fact, Plaintiff has now moved to dismiss her claims against Defendant Olson.  Moreover, Olson's letter and email to Plaintiff clearly demonstrate that these communications with Plaintiff were a response to litigation, and not an attempt to collect a debt.  See Exhibits A and B to Motion.

In response to Northland's Motion, Plaintiff does not counter the fact that Mr. Olson was not acting to collect a debt.  Rather, Plaintiff alleges that Northland providing copies of her credit card statements did not satisfy the validation requirements of the FDCPA because the credit card statements were not signed and dated or "verified".  However, none of the cases cited by Plaintiff relate to the FDCPA even though Plaintiff represents to this Court that these cases stand for the proposition that "validation requires presentment of the account and general ledger statement signed and dated by the party responsible for maintaining the account."  *See* Pl.'s Resp. ¶ 18 (citing *Pacific Concrete Fed. Cred. Union v. Kauanoe*, 614 P.2d 936, 938 (Haw. 1980) (addressing authentication and admissibility requirements for summary judgment affidavit on Truth in Lending Act claim); *GE Capital Hawaii, INc. v. Yonenaka*, 25 P.3d 807, 814-815 (Haw. Ct. App. 2001) (evaluating admissibility of summary judgment affidavit offered on wrongful foreclosure claim); *Fooks v. Norwich Housing Auth.*, 2000 WL 1687305 (Conn. Super. Ct. 2000) (evaluating failure to comply with notice requirement of Conn. Gen. Stat. § 8-67 in premises

liability case); *Brookfield v. Candlewood Shores Estates, Inc.*, 513 A.2d 1218, 1222-1223 (Conn. 1986) (evaluating sufficiency of summary judgment affidavit submitted in tax collection action); *Solon v. Godbole, M.D.*, 516 N.E.2d 1045, 1048-1049 (Ill. App. Ct. 1987) (evaluating sufficiency of summary judgment affidavit in medical malpractice action)). Contrary to Plaintiff's assertion, the FDCPA does not require verified statements in validation of a debt. *See* 15 U.S.C.A. § 1692g. For these reasons and those set forth in Northland's Motion, Plaintiff has failed to state a FDCPA claim against Northland.

Finally, Plaintiff alleges in her Response that Northland stated that it has a permissible purpose for obtaining Plaintiff's credit report for collection of an account and then later stated that it is not collecting the account so there is no FDCPA violation. Plaintiff misconstrues Northland's Motion. Plaintiff alleges that Northland pulled Plaintiff's credit report in May 2010. *See* Compl. ¶ 9. In doing so, Northland had a permissible purpose due to the fact that it was collecting a debt, as set forth herein and Northland's Motion. The actions by Defendant Olson, however, took place in June and July of 2011, after Plaintiff had filed suit against Northland, and were not actions taken to collect a debt but rather actions taken by litigation counsel. See Exhibits A and B to Motion. Thus, contrary to Plaintiff's assertion, Northland's statements that the actions of Olson were <u>not</u> an attempt to collect a debt are not in contradiction with the statements that Northland obtained Plaintiff's credit report to collect on the debt owed by Plaintiff.

WHEREFORE, premises considered, Defendant Northland respectfully requests that the Court dismiss this suit with prejudice and for such other and further relief, both at law and in equity, to which the Defendant may be justly and legally entitled.

THIS, the 5th day of April, 2012.

Respectfully submitted,

NORTHLAND GROUP, INC.


By Its Attorneys,


/s/ April Reeves Freeman
APRIL REEVES FREEMAN

April Reeves Freeman (GA Bar No. 517093)
Jones, Walker, Waechter, Poitevent,
Carrere & Denegre, L.L.P.
1201 Peachtree Street
400 Colony Square, Suite 200
Atlanta, Georgia 30361
afreeman@joneswalker.com
Phone: (601) 949-4623
Fax: (601) 949-4635

## CERTIFICATE OF SERVICE

I do hereby certify that on April 5, 2012, I electronically filed the foregoing with the

Clerk of the court using the ECF system which sent notification of such filing to the following:

>Teri Lynn Hinkle
>322 Bethel Street
>Eastman, Georgia 31023

>John H. Bedard, Jr., Esq.
>Jonathan K. Aust, Esq.
>2810 Peachtree Industrial Blvd, Ste. D
>Duluth, Georgia 30097


/s/ April Reeves Freeman
APRIL REEVES FREEMAN