UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | |
|---|---|
| **TERI LYNN HINKLE**,<br><br>            Plaintiff<br><br>v.<br><br>**NORTHLAND GROUP, INC., VALERIE BARTOSH, JEFFREY A. OLSON, PLLC, CAPITAL ONE BANK (USA), N.A., CAPITAL ONE SERVICES, LLC, LVNV FUNDING, LLC,**<br><br>            Defendants | Case No. CV311-084 |

**NORTHLAND GROUP, INC.'S MOTION TO STRIKE PLAINTIFF'S AFFIDAVIT IN SUPPORT OF PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT NORTHLAND GROUP, INC.'S MOTION TO DISMISS**

Defendant Northland Group, Inc. (hereinafter "Northland") hereby moves this Court to strike the Affidavit in Support of Plaintiff's Response in Opposition to Defendant Northland Group, Inc.'s Motion to Dismiss which was filed on June 8, 2012 and in support thereof states as follows:

1.   On February 6, 2012, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Northland filed a Motion to Dismiss (hereinafter "Motion") all claims asserted against Northland for failure to state a claim upon which relief could be granted.  *See* Doc. No. 16.

2.   On March 23, 2012, after the undersigned had agreed to an extension of time for Plaintiff to respond, Plaintiff filed her Response in Opposition to Defendant Northland Group, Inc.'s Motion to Dismiss.  *See* Doc. No. 28.

3.	On April 5, 2012, within the time allowed by Rule 7.6 of the Local Rules of the United States District Court for the Southern District of Georgia, Northland filed its Reply Brief in Support of Motion to Dismiss (hereinafter "Reply Brief"). *See* Doc. No. 32.

4.	Now, some two months after briefing was completed on Northland's Motion to Dismiss, Plaintiff has filed an Affidavit in Support of Plaintiff's Response in Opposition to Defendant Northland Group, Inc.'s Motion to Dismiss (hereinafter "Affidavit"). *See* Doc. No. 33.

5.	Rule 7.5 of the Local Rules of the United States District Court for the Southern District of Georgia clearly states that "each party opposing a motion shall serve and file a response <u>within fourteen (14) days of service of the motion</u>...."

6.	Plaintiff's Affidavit is untimely and should be stricken due to the fact that it was filed more than two months after service of Northland's Motion to Dismiss. Plaintiff should not be permitted to disregard the Rules of this Court and have submissions considered by the Court which are in clear violation of the deadlines established by this Court.

7.	Moreover, even if the Court were to consider Plaintiff's Affidavit, it will have no impact whatsoever on Plaintiff's Motion to Dismiss for the following reasons:

   a.	In paragraphs 1 through 3 of her Affidavit, Plaintiff states that she is not in receipt of anything nor is there anything in the record that would show (1) that Northland is the owner of any account of Plaintiff's; (2) that Northland acquired any account of Plaintiff's; or (3) that Northland has any interest in any account of Plaintiff's. Northland has never taken the position that it owns, acquired or has an interest in any account of Plaintiff's. Northland was retained to collect on an account owned by a third party and, as set forth in Northland's Motion and Reply Brief, Northland had a permissible purpose

2

for obtaining Plaintiff's credit report. These facts asserted by Plaintiff are undisputed and have no impact whatsoever on Northland's Motion to Dismiss.

      b.    In paragraph 4 of her Affidavit, Plaintiff states that she has not received anything nor is there anything in the record that would show that she had an account with Capital One where there is any balance due and owing that could be collected by Northland. This claim completely ignores Exhibit B to Northland's Motion, the July 27, 2011 letter to Plaintiff from Jeffrey A. Olson which is referenced in Plaintiff's Complaint and which provided Plaintiff with copies of her Capital One Bank statements. Plaintiff has attempted to assert claims in this litigation based upon receipt of this letter, but apparently now proffers an Affidavit to this Court stating she never received any such documents.

      c.    Paragraphs 5 and 6 of Plaintiff's affidavit allege that she is not in receipt of anything nor is there anything in the record which would show that Northland had a permissible purpose for obtaining Plaintiff's credit report or that she consented to Northland obtaining her credit report. To the contrary, as set forth in Northland's Motion and Reply Brief, Northland had a permissible purpose for obtaining Plaintiff's credit report in collecting debt owed by Plaintiff to a third party which had retained Northland to assist in the collection of that debt. Obtaining a credit report for these purposes does not require Plaintiff's consent.

      d.    Finally, Plaintiff's Affidavit sets forth in paragraphs 7 through 10, alleged financial hardship and emptional distress she has experienced as a result of the actions of Northland. However, these alleged damages were not caused by any wrongdoing by Northland for which Northland can be held liable. As set forth in Northland's Motion

and Reply Brief, Northland had a permissible purpose for obtaining Plaintiff's credit report and any claims based on those actions by Northland are due to be dismissed.

8. For these reasons, Plaintiff's untimely Affidavit should be stricken in its entirety.

WHEREFORE, premises considered, Defendant Northland respectfully requests that the Court strike Plaintiff's Affidavit in Support of Plaintiff's Response in Opposition to Defendant Northland Group, Inc.'s Motion to Dismiss in its entirety and for such other and further relief, both at law and in equity, to which the Defendant may be justly and legally entitled.

THIS, the 8th day of June, 2012.

>Respectfully submitted,
>
>NORTHLAND GROUP, INC.
>
>By Its Attorneys,
>
>/s/ April Reeves Freeman
>APRIL REEVES FREEMAN

April Reeves Freeman (GA Bar No. 517093)
Jones, Walker, Waechter, Poitevent,
Carrere & Denegre, L.L.P.
1201 Peachtree Street
400 Colony Square, Suite 200
Atlanta, Georgia 30361
afreeman@joneswalker.com
Phone:  (601) 949-4623
Fax:  (601) 949-4635

**CERTIFICATE OF SERVICE**

  I hereby certify that on June 8, 2012, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

  John H. Bedard, Jr., Esq.
  Jonathan K. Aust, Esq.
  2810 Peachtree Industrial Blvd, Ste. D
  Duluth, Georgia 30097

  and I hereby certify that I have have mailed by United States Postal Service the document to the following non-ECF participant:

  Teri Lynn Hinkle
  322 Bethel Street
  Eastman, Georgia 31023

            /s/ April Reeves Freeman
            APRIL REEVES FREEMAN

{JX012194.1}